OPINION OF THE COURT
Arthur J. Abrams, J.
The instant motion seeks to dismiss petitioner’s action for visitation with the subject child for failure to state a cause of action pursuant to CPLR 3211 (a) (2), (3) and (7). The subject child was born out of wedlock to the petitioner in 1979. The petitioner continued to reside wdth her parents, the respondents herein, and in 1983 her parents adopted the child. The parties continued to reside together in different apartments at the respondents’ home until September 1989 when the petitioner was asked to leave. Since leaving respondents’ home and despite her protestations of 10 years of continued and *722 indirect contact with the subject child, petitioner alleges that she has been denied visitation with the said child. The pending petition is the end product of the purported visitation denial.
The gravamen of respondents’ motion to dismiss is two-fold: (1) that by virtue of surrendering her biological son for adoption by the respondents, petitioner has lost standing to object to their (respondents’) precluding petitioner from any right of visitation with the subject child, and (2) that the petitioner lacks standing to seek visitation with her parents’ adopted child pursuant to Domestic Relations Law § 71.
As to petitioner’s right to visitation with her child previously surrendered for adoption by her parents, the court concurs that she was relieved of all parental duties and rights as to her child pursuant to Domestic Relations Law § 117 (1) (a) when the child was adopted. Therefore she has no standing to seek visitation with her child on the basis of being the child’s biological mother.
The court, however, finds unpersuasive respondents’ argument that petitioner lacks standing to seek visitation with her sibling pursuant to Domestic Relations Law § 71 because she is neither of the whole or the half blood to her adopted brother. Domestic Relations Law § 117 (1) (g) specifically states that "[ajdoptive children and natural children shall have all the rights of fraternal relationship”. Therefore, although petitioner ceased being a parent to her child when the respondents adopted him she did assume the role of a full sibling and may commence a proceeding seeking visitation with her adoptive brother. Accordingly, the court shall sua sponte, treat petitioner’s order to show cause as one seeking sibling visitation pursuant to Domestic Relations Law § 71. Section 71 of the Domestic Relations Law was added in July 1989 to address the rights of visitation for siblings "[w]here circumstances show that conditions exist which equity would see fit to intervene”. The addition, as drafted, speaks to the discretion of the court to ascertain if equity would find it in the child’s best interests to have visitation with his sibling. Under the present circumstances the court cannot ascertain if equity would lie in awarding petitioner visitation with her brother absent a hearing on the issue.
Accordingly respondent’s motion to dismiss is hereby denied and the matter shall appear on the court’s calendar on December 13, 1990 before Part 2 at 9:30 a.m. for the hearing.